**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

PATRICIA FORD,                                                                                    PLAINTIFF

V.                                                                              CAUSE NO. 4:05CV130-P-B

DEBRA GRAVES,                                                                                  DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the Court on the application of Patricia Ford for leave to file suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5, *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d), without payment of fees, costs, or security and for appointment of counsel. Having conducted an initial screening of the Complaint submitted for filing, the undersigned recommends that plaintiff's motions be denied and her claims, dismissed *sua sponte*.

*Plaintiff's Title VII Claim*

Plaintiff's Complaint names Debra Graves as the only defendant. It further indicates that plaintiff was employed by defendant at Lad & Lasses of Winona, Mississippi, where only two other workers were employed. Complaint at p. 2. The Complaint alleges that plaintiff, who is black, was paid less than a white female and fired because of her race. Complaint at p. 3-4. The Right to Sue Letter attached to the Complaint indicates the EEOC dismissed plaintiff's racial discrimination charge because Lad & Lasses employed "less than the required number of employees or [wa]s not otherwise covered by the statutes."

Section 703(a) of Title VII makes it an unlawful employment practice for an employer to engage in employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). The term "employer" is defined as a person engaged in an industry

affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. 42 U.S.C. § 2000e(b). An employer with fewer than 15 employees cannot be sued for discrimination as an employer under Title VII. *Yerdon v. Henry*, 91 F.3d 370, 377 (2d Cir.1996); *see also Greenlees v. Eidenmuller Enters., Inc.*, 32 F.3d 197, 198-99 (5th Cir.1994) (stating that an employment agency can be classified as either an employer or an employment agency, but, when it is sued in its capacity as an employer, plaintiff must demonstrate that it meets the Title VII definition of employer).

Although Graves is the named defendant to this action, plaintiff named Lad & Lasses as the respondent to her EEOC charge. Presumably, Graves is the owner of Lad & Lasses. Nonetheless, plaintiff admits in her Complaint that defendant employed less than 15 individuals at all times relevant to her claim of discrimination, which would deprive this Court of jurisdiction. Therefore, plaintiff's Title VII claim should be dismissed for lack of subject matter jurisdiction. *See Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir.1989); *Dumas v. Town of Mt. Vernon*, 612 F.2d 974, 979-80 (5th Cir.1980).

*Plaintiff's Equal Pay Claim*

The Equal Pay Act prohibits discrimination "between employees on the basis of sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions," 29 U.S.C. § 206(d)(1), or, stated otherwise, "demands that equal wages reward equal work." *Siler-Khodr v. University of Texas Health Science Center*, 261 F.3d 542, 546 (5th Cir.2001). Plaintiff must establish a *prima facie* case of sex-based wage discrimination by showing (1) that different wages are paid to employees

2

of the opposite sex, (2) that the employees do equal work which requires equal skill, effort, and responsibility and (3) that the employees have similar working conditions. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 41 L.Ed.2d 1 (1974); *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir.1993); 29 C.F.R. § 1620.13(c).

In the Complaint, the only individual identified by plaintiff as having received a higher wage than she is a white female. Plaintiff has failed to allege that a similarly situated male employee was paid more than she. Based on this, plaintiff cannot state a *prima facie* case under the Equal Pay Act; and her Equal Pay claim should be dismissed as well.

Based on the foregoing, it is recommended that plaintiff's motions to proceed *in forma pauperis* and for appointment of counsel be denied and her case, dismissed with prejudice.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 7th day of July, 2005.

/s/ Eugene M. Bogen
U. S. MAGISTRATE JUDGE